# Order

**Michigan Supreme Court**
**Lansing, Michigan**

March 25, 2015

Robert P. Young, Jr.,
Chief Justice

Stephen J. Markman
Mary Beth Kelly
Brian K. Zahra
Bridget M. McCormack
David F. Viviano
Richard H. Bernstein,
Justices

149299 & (18)

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

                                     SC: 149299
                                     COA: 320827
SAM DANIEL SANDERS,                    Calhoun CC: 10-002810-FC
      Defendant-Appellant.

_____/

      By order of November 25, 2014, the Calhoun Circuit Court was directed to submit to the Court and the parties a copy of the transcript of the October 18, 2013 evidentiary hearing, and the prosecuting attorney was directed to answer the application for leave to appeal the April 2, 2014 order of the Court of Appeals. On order of the Court, the transcript and the answer having been received, the application for leave to appeal is again considered. We caution the Calhoun Circuit Court that when expansion of the record is necessary to resolve a defendant's motion for relief from judgment under MCR Subchapter 6.500, it can only do so within the constraints set out in MCR 6.507(A). Pursuant to MCR 6.507(A), a trial court "may direct the parties to expand the record by including any additional materials it deems relevant to the decision on the merits of the motion. The expanded record may include letters, affidavits, documents, exhibits, and answers under oath to interrogatories propounded by the court." In this case, the circuit court did not direct the parties to expand the record, but rather acted *sua sponte* to conduct an evidentiary hearing at which the defendant's trial counsel was questioned directly by the court regarding certain actions taken while representing the defendant at trial. The defendant appeared for the evidentiary hearing, but was not represented by counsel. The prosecution confirms that both it and the defendant were merely observers at this hearing. When the circuit court determines that an evidentiary hearing is required to resolve an issue, as occurred here, it must comply with MCR 6.508(C), and it must appoint counsel for an indigent defendant, as required by MCR 6.505(A). Notwithstanding this procedural error, leave to appeal is DENIED, because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D).



      I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

March 25, 2015
                                            Clerk

p0318